MER:CCC

**M09-0518**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

SUDESH RAMKARRAN,

          Defendant.

- - - - - - - - - - - - - - - - -X

AFFIDAVIT IN SUPPORT
OF ARREST WARRANT

(31 U.S.C. § 5332(a))

EASTERN DISTRICT OF NEW YORK, SS:

    JOSEPH PISCIOTTA, being duly sworn, deposes and says that he is a Special Agent with United States Immigration and Customs Enforcement, duly appointed according to law and acting as such.

    On or about January 23, 2009, within the Eastern District of New York, the defendant SUDESH RAMKARRAN did knowingly, intentionally and unlawfully conceal and attempt to transport monetary instruments of more than $10,000 from a place within the United States to a place outside the United States with the intent to evade the currency reporting requirements of Title 31, United States Code, Section 5316, as defined in Title 31, United States Code, Section 5332(a).

    (Title 31, United States Code, Section 5332(a))

2

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. On January 23, 2009, the defendant SUDESH RAMKARRAN, a resident of Woodhaven, New York, shipped a box that contained an air compressor and electronic equipment (the "Subject Cargo") from a Laparkan warehouse located in Queens, New York. Shipping documents associated with the Subject Cargo contain RAMKARRAN's name and telephone number. The Subject Cargo was transported from New York to a Laparkan warehouse in Miami, Florida aboard a truck possessing the name "MSR Logistic." As reflected in the shipping documents, the shipment's intended destination was Guyana.

2. On January 26, 2009, Customs and Border Protection ("CBP") officers at Miami International Airport conducted surveillance of a Laparkan warehouse located in Miami, Florida. During that surveillance, CBP officers examined the "MSR Logistic" truck using trained currency detection canines. One of those dogs gave a positive alert to the Subject Cargo, indicating that the Subject Cargo contained currency. CBP officers examined the Subject Cargo and found $100,020 in cash concealed within an

---

[1] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause, I have not set forth all of the facts and circumstances of which I am aware.

3

air compressor. CBP officers subsequently seized the Subject Cargo, including the $100,020.

    3. In or about February 2009, a Laparkan warehouse employee placed several consensually monitored telephone calls to the telephone number listed on the shipping documents associated with the Subject Cargo, and the defendant SUDESH RAMKARRAN answered. During those calls, RAMKARRAN inquired about the Subject Cargo. Specifically, he asked where the shipment was and why it had not been delivered to Guyana. He also gave a physical description of the Subject Cargo, including the box's dimensions and approximate weight, and the contents of the Subject Cargo. Indeed, he explained that the Subject Cargo contained an air compressor and electronic equipment. He said that he purchased the air compressor from Sears.

    WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant SUDESH RAMKARRAN so

4

that he may be dealt with according to law.  Because of the nature of this application, it is further requested that this application and the related arrest warrant be filed under seal.

_____
JOSEPH PISCIOTTA
Special Agent
U.S. Immigration and Customs Enforcement

Sworn to before me this
27th day of May, 2009

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK